**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| CONNOR J. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ATOMIC CJT ENTERPRISES LLC and SEQUOIA NATIONAL LLC,<br><br>Defendants. | Case No.: 6:26-cv-2249 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Connor J. Williams ("Williams"), by and through undersigned counsel, files this complaint against Defendants Atomic CJT Enterprises LLC ("Atomic") and Sequoia National LLC ("Sequoia"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement arising from Defendants' unauthorized reproduction and public display of five original photographs created and owned by Plaintiff on a commercial website used to promote Atomic's gutter-services business to customers in Florida.

2. The five photographs depict the municipalities of Kissimmee, Lakeland, Leesburg, Tavares, and The Villages, Florida (collectively, referred to as the "Photographs"). Defendants used the Photographs as location-specific marketing content on Atomic's website to solicit customers in those same Florida communities.

3. Atomic retained Sequoia to provide website-development and related marketing services. On information and belief, Sequoia selected, acquired, copied, uploaded, published, and/or displayed the Photographs while creating and operating Atomic's website. The accused website expressly credited Sequoia in its footer: "Copyright © 2026 Sequoia National. All Rights Reserved."

4. Neither Defendant requested or obtained a license from Plaintiff to use any of the Photographs.

**THE PARTIES**

5. Plaintiff CONNOR J. WILLIAMS is an individual domiciled in Oviedo, Seminole County, Florida. Plaintiff is a photographer who creates and licenses architectural and scenic landscape photography.

6. Defendant ATOMIC CJT ENTERPRISES LLC is a Florida limited liability company with a principal address at 1992 SW 25th Avenue, Bell, Florida 32619, and a mailing address at 7090 NW 170th Street, Trenton, Florida 32693. Atomic may be served through its registered agent, United States Corporation Agents, Inc., 476 Riverside Avenue, Jacksonville, Florida 32202.

7. Defendant SEQUOIA NATIONAL LLC is a Wyoming limited liability company with an address at 30 N. Gould Street, Suite N, Sheridan, Wyoming 82801. Sequoia offers website design, search-engine optimization, marketing, content creation, hosting, and related services to contractors nationwide, including contractors in Florida. Sequoia may be served through its registered agent,

Northwest Registered Agent Service Inc., 30 N Gould St., Ste N, Sheridan, Wyoming 82801.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

9. This Court has personal jurisdiction over Atomic because Atomic is organized under Florida law, operates a Florida business, and purposefully conducts and solicits business throughout Florida, including within this District.

10. Atomic expressly marketed and offered its services to customers in this District through location-specific pages directed to The Villages, Tavares, Leesburg, Lakeland, and Kissimmee. Atomic's website invited visitors to request a free gutter estimate by submitting their names, email addresses, telephone numbers, property addresses, and messages.

11. This Court has specific personal jurisdiction over Sequoia under Federal Rule of Civil Procedure 4(k)(1)(A), section 48.193(1)(a), Florida Statutes, and the Due Process Clause because Sequoia purposefully directed commercial conduct toward Florida and this District, and Plaintiff's claims arise directly from that conduct.

12. Sequoia entered into and performed a commercial relationship with Atomic, a Florida company, to create, develop, maintain, host, market, and/or

supply content for Atomic's Florida-facing website. That work was intended to generate customers and revenue for Atomic in Florida.

13. In performing its services for Atomic, Sequoia created and/or operated a website containing location-specific marketing directed to residents and property owners in The Villages, Tavares, Leesburg, Lakeland, and Kissimmee—all within the Middle District of Florida.

14. The accused webpage did not merely make generic content passively available nationwide. It identified specific Florida communities, paired each community with a Florida photograph, offered services within those communities, and included an interactive form through which prospective Florida customers could request estimates for work at their properties.

15. On information and belief, Sequoia selected, acquired, copied, uploaded, arranged, and publicly displayed Plaintiff's Photographs as part of that location-targeted Florida marketing campaign. Sequoia thereby committed tortious acts in Florida, carried on business activities in Florida, and purposefully availed itself of the privilege and economic benefits of conducting business in Florida.

16. The relationship among Sequoia, Florida, and this litigation is direct: the very conduct giving rise to Plaintiff's claims was Sequoia's creation and publication of Florida-targeted commercial webpages for a Florida client using photographs depicting the specific Florida communities being targeted.

17. Sequoia knew or reasonably should have anticipated that its creation and operation of commercial pages expressly targeting customers in this District

could cause injury in Florida and subject it to suit here. Exercising jurisdiction over Sequoia comports with traditional notions of fair play and substantial justice.

18. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants are found in this District for purposes of this action and committed acts of infringement directed to and occurring in this District.

## FACTUAL ALLEGATIONS

20. Plaintiff created the Photographs in 2025. Each Photograph is an original work of authorship protected by the Copyright Act.

21. Plaintiff owns all right, title, and interest in and to the Photographs, including the exclusive rights granted by 17 U.S.C. § 106.

22. Plaintiff registered the Photographs as part of a group of unpublished photographs titled "Florida Cities photos 2," which was issued as Registration No. VAu 1-577-005 with an effective date of December 15, 2025. A true and correct copy of the registration certificate is attached as Exhibit A.

23. The five works at issue are detailed in the table below:

| Title of the Photograph | Image |
| --- | --- |
| Kissimmee_city_hall_kissimmee_florida |  |
| Lakeland_city_hall_lakeland_florida |  |

| | |
|---|---|
| Leesburg_city_hall_leesburg_florida |   |
| Spanish_springs_entrance_arch_the_villages_florida |   |

| | |
|---|---|
| tavares_city_hall_tavares_florida |   |

24. Plaintiff registered the Photographs before the infringement alleged in this action commenced.

25. Atomic operates the website located at atomiccjtenterprises.com (hereinafter, the "Website") to advertise gutter installation, cleaning, repair, filtration, and maintenance services and to solicit prospective customers.

26. Atomic engaged Sequoia to provide website-development and/or related marketing services for the Website.

27. Atomic represented to Plaintiff's counsel that Sequoia was responsible for certain content appearing on the Website and that Atomic asked Sequoia to remove the Photographs.

28. On information and belief, Sequoia exercised control over the Website's design, content selection, uploading, publication, maintenance, and/or display. The

Website's footer identified Sequoia as the copyright claimant for the Website's 2026 content.

29. Without Plaintiff's authorization, Defendants reproduced and publicly displayed all five Photographs on the Website's "Service Areas" page located at https://atomiccjtenterprises.com/service-areas/.

30. Defendants used each Photograph to promote Atomic's commercial services in the corresponding Florida community depicted by that Photograph.

31. The accused page represented that Atomic provided professional gutter services throughout Central and North Florida, identified specific communities in this District, and provided an interactive lead-generation form inviting prospective customers to request a free estimate.

32. On or about May 6, 2026, Plaintiff documented Defendants' unauthorized display of the Photographs. A true and correct capture of the accused webpage is attached as Exhibit B.

33. Plaintiff did not license, authorize, or consent to Defendants' reproduction, display, distribution, publication, or use of the Photographs.

34. Defendants' use was commercial and supplanted the market for licenses Plaintiff ordinarily offers for comparable commercial uses.

35. On September 1, 2026, Plaintiff, through counsel, notified Atomic and Sequoia of the infringement, demanded removal, requested preservation of evidence, and requested information concerning the source and scope of the use.

36. Defendants are jointly responsible for the infringing Website under the facts alleged above. Alternatively, each Defendant is independently responsible for its own acts of reproduction, publication, display, authorization, approval, control, and/or material participation.

37. On information and belief, Defendants knew that commercial photographs require authorization or acted with reckless disregard or willful blindness as to Plaintiff's rights. Sequoia holds itself out as a professional website and marketing provider and claimed copyright ownership over the Website while using Plaintiff's registered works without permission.

38. To the extent any infringement continued after Defendants received Plaintiff's written notice, that continued infringement was knowing and willful.

39. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury, including lost licensing revenue and interference with the market for his photography, and Defendants obtained commercial benefits from the unauthorized use.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT

### Against Sequoia National LLC

40. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff owns valid copyrights in the Photographs and possesses the exclusive rights to reproduce and publicly display them under 17 U.S.C. § 106.

42. Without Plaintiff's authorization, Sequoia copied, uploaded, published, and/or publicly displayed the Photographs on the Website while providing website-development and marketing services to Atomic.

43. Sequoia's conduct violated Plaintiff's exclusive rights and constitutes copyright infringement under 17 U.S.C. § 501.

44. Sequoia's infringement was knowing, willful, and/or undertaken with reckless disregard or willful blindness as to Plaintiff's rights, including because Sequoia is a professional website and marketing provider that claimed copyright ownership over the Website's content.

45. Plaintiff is entitled to damages, Defendants' attributable profits, statutory damages as elected, injunctive relief, costs, reasonable attorneys' fees, and all other relief available under the Copyright Act.

## COUNT II – DIRECT COPYRIGHT INFRINGEMENT

### Against Atomic CJT Enterprises LLC

46. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

47. Atomic owned, operated, authorized, approved, controlled, and commercially benefited from the Website through which the Photographs were reproduced and publicly displayed.

48. Without Plaintiff's authorization, Atomic reproduced and/or publicly displayed the Photographs through its Website to promote its services and solicit customers.

49. Atomic's conduct violated Plaintiff's exclusive rights and constitutes copyright infringement under 17 U.S.C. § 501.

50. Atomic's infringement was knowing, willful, and/or undertaken with reckless disregard or willful blindness as to Plaintiff's rights. At minimum, any continued infringement after Atomic received actual written notice was knowing and willful.

51. Plaintiff is entitled to damages, Atomic's attributable profits, statutory damages as elected, injunctive relief, costs, reasonable attorneys' fees, and all other relief available under the Copyright Act.

**COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT**

**Against Atomic CJT Enterprises LLC**

52. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

53. To the extent Sequoia or another website contractor directly reproduced or displayed the Photographs, Atomic possessed the practical and contractual right and ability to supervise, control, approve, modify, or remove the content published on Atomic's Website.

54. Atomic had a direct financial interest in the infringement because the Photographs were used as location-specific advertisements designed to attract customer leads and generate revenue for Atomic's gutter-services business.

55. Atomic is therefore vicariously liable for the infringement committed through its Website.

56. Plaintiff is entitled to the remedies provided by the Copyright Act against Atomic.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and award the following relief:

A. A declaration that Defendants infringed Plaintiff's copyrights in the Photographs;

B. An award of Plaintiff's actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages for each infringed work under 17 U.S.C. § 504(c);

C. Enhanced statutory damages to the extent the infringement is determined to have been willful;

D. A permanent injunction under 17 U.S.C. § 502 prohibiting Defendants and those acting in concert with them from reproducing, displaying, distributing, or otherwise infringing the Photographs;

E. An order under 17 U.S.C. § 503 requiring the impoundment, deletion, or destruction of infringing copies within Defendants' possession, custody, or control, subject to appropriate preservation obligations;

F. An accounting of Defendants' profits attributable to the infringement;

G. Plaintiff's costs and reasonable attorneys' fees under 17 U.S.C. § 505;

H. Prejudgment and post-judgment interest as permitted by law; and

I. Such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 25, 2026

Respectfully submitted,

By: *<u>/s/ Layla T. Nguyen</u>*
LAYLA T. NGUYEN
**LN LAW, PLLC**
Florida Bar No. 1024723
50 Minorca Ave, 715
Coral Gables, Florida 33134
Telephone: 786-661-0351
Email: layla@thatsmyiplawyer.com

*Counsel for Plaintiff Connor J. Williams*